No. 3913

Second Circuit

DEHMER v. HEMLER

(December 23, 1930. Opinion and Decree.)

J. B. Dawkins, of Monroe, attorney for plaintiff, appellant.

George Wesley Smith, of Rayville, attorney for defendant, appellee.

DREW, J. Plaintiff sued for damages in the sum of $10,000, alleging that on or about the 15th day of April, 1929, she and her husband were occupying, as lessees, a house owned by defendant, and that defendant, during the absence of her husband, called at her home and, after forcibly entering the house, made an assault and battery upon her; all of which caused her great physical, nervous and mental harm.

She further alleges that at the time of the assault she was just recovering from an abdominal operation, and that when defendant held and pulled her she suffered a rupture of the wound, which was only partially healed; that she was confined to her bed for a period of three weeks after the assault, suffering intense pain during the time of her confinement; and that the effect of the rupture of the wound has been to cause an adhesion, from which she still suffers and believes will be permanent.

She alleges that she was greatly frightened by the alleged assault and still suffers greatly from nervousness caused by the assault; that the assault was made maliciously and unlawfully and in violation of her rights to the peaceable enjoyment of her home; and that she is entitled to exemplary damages.

She prays for judgment in the sum of $7,500 actual damages and $2,500 as exemplary damages.

The defendant denied all the material allegations of the petition.

On these issues the case was tried, resulting in judgment in favor of defendant, rejecting the demands of plaintiff. From that judgment plaintiff has appealed to this court.

Outside of the question of the admissibility of certain testimony, the case presents only questions of fact, and the rule of this court has been not to disturb the findings of fact by the lower court, unless his findings are clearly erroneous.

Appellant complains of the ruling of the lower court in rejecting the testimony of Mrs. Dupont, who attempted to tell what the plaintiff had told her of the incident a short time after the alleged assault. Mrs. Dupont lives just across the street from the plaintiff. She saw the defendant go into plaintiff's house, and waited in her own home until after the defendant had, come out of the house of plaintiff and had walked to the next house on the same street and entered on the porch, at which time Mrs. Dupont came out of her own home and walked across the street and entered the home of plaintiff. She testified that she found the plaintiff in a weakened condition, and about to cry; that she got cold water and bathed her face,

and that at that time plaintiff told her what had occurred.

The lower court excluded the testimony of this witness, when she was asked to relate what plaintiff had told her, on the ground that it was hearsay and not part of the res gestae. The objection to the testimony, for the reason that it was hearsay, was properly sustained.

Plaintiff also complains of the trial judge's allowing certain character witnesses to testify, who had not been placed under the rule. All witnesses were placed under the rule, and over the objection of plaintiff the court allowed certain witnesses to testify as to the character of defendant, although these witnesses had been in the court room during the trial. This matter was entirely in the discretion of the trial judge. While it is usual and common practice to exempt from the rule all character witnesses, and there is no good reason why they should not be exempted, there was no error in the ruling of the court on this point.

The third and last complaint of plaintiff is, that the trial judge totally disregarded the testimony in rendering his judgment. We cannot agree with the plaintiff in this contention.

Plaintiff does not contend that the alleged assault and battery was committed with any intent to injure her or on account of any feeling of ill will or hatred, but only that it was prompted by too much affection; that defendant embraced her and kissed her, and her injury was received in her struggle to free herself from him.

Plaintiff is a young married woman in the twenties, and defendant a man seventy-four years of age. He had called at her

house on the day alleged to collect rent that was due him, as he usually did. He and plaintiff were seated in the front part of the house discussing the rent, which was not paid, when plaintiff smelled her dinner burning and she left to go to the kitchen to see about it. She testifies that defendant followed her to the kitchen and there embraced her and kissed her, and that she struggled to get loose from his embraces, and ruptured her wound. Defendant denies that he went to the kitchen or that he embraced her or even thought of doing such a thing. There were no other witnesses as to what actually happened in the house at that time.

Defendant, on leaving the home of plaintiff, went to other houses on the same street to collect rent. After he left, the witness, Mrs. Dupont, went into plaintiff's home, and in about fifteen minutes' time the defendant found that one of his renters had left his house, and he returned to plaintiff's home to inquire if the key had been left there. Mrs. Dupont was present, but plaintiff did not accuse defendant of any wrongdoing while he was there in the presence of Mrs. Dupont, the natural thing for her to have done. She made no outcry at the time of the alleged assault, and it is indeed strange that defendant would have returned to plaintiff's home so soon after he had assaulted her and had been so completely rebuffed. Her narrative of the affectionate assault at least needs corroboration, which is lacking in this case, and we only have her testimony against the testimony of defendant. If they are of equal credibility, she has failed to make out her case, as the burden of proving her case with a preponderance of testimony is upon her.

In this case the credibility of the witnesses might govern, and the trial judge, who saw and heard them testify, was better qualified to pass on their credibility than we are.

The fact that plaintiff did return to her bed and was under treatment for her ruptured wound for several weeks, might add some credence to her story; but that in itself is not sufficient to justify this court in reversing the lower court on his findings of fact. There are many ways that the rupture might have been caused other than by the affectionate embraces of an old man in the seventies.

We cannot say that the judgment of the lower court is erroneous. It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.